

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-89,992-01

### EX PARTE PAUL HENRY KOLHOFF, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 7660-A IN THE 32ND DISTRICT COURT
### FROM MITCHELL COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of failing to register as a sex offender and sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant alleges that he is actually innocent and that counsel was ineffective. Based on both the trial court's findings and this Court's own independent review of the record, the innocence claim is denied.

Applicant contends that his trial counsel rendered ineffective assistance by failing to realize that he did not have a duty to register and erroneously advising Applicant to plead guilty to the

charge.

The record shows that Applicant did not have a duty to register. Therefore, counsel's advice was deficient. Applicant contends that he would not have pleaded guilty but for counsel's bad advice. *Ex parte Morrow*, 952 S.W.2d 530 (Tex. Crim. App. 1997); *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Relief is granted on the basis of ineffective assistance of counsel. The judgment in Cause No. 7660-A in the 32ND District Court of Mitchell County is set aside, and Applicant is remanded to the custody of the Sheriff of Mitchell County to answer the charges as set out in the indictment. The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: January 15, 2020
Do not publish